**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

v.

**James H. O'HAGAN, Defendant.**

**Civ. No. 3–90–16.**

United States District Court,
D. Minnesota,
Third Division.

June 17, 1992.

Ellen B. Cohn, for plaintiff.

Terence M. Fruth, Vincent D. Louwagie, for defendant.

## ORDER AND MEMORANDUM

RENNER, Senior District Judge.

The above entitled matter came before the Court on May 8, 1992 on a hearing on defendant's motion for summary judgment.

Based upon the arguments of counsel, all facts, files, and records herein, the Court HEREBY ORDERS that:

1) defendant's motion for summary judgment is DENIED; and

2) defendant's request for certification of the issue raised for interlocutory appeal is DENIED.

## MEMORANDUM

*Background*

Plaintiff, the Securities and Exchange Commission ("SEC") brought this civil action against defendant James O'Hagan. The complaint alleges that O'Hagan, through the course of his work as an attorney with the Dorsey & Whitney law firm, obtained material nonpublic information concerning the plans of Grand Metropolitan, PLC to acquire Pillsbury Company, and that O'Hagan misused this information by purchasing options and common stock of Pillsbury from July through September of 1988 and selling them in October after the tender offer was announced.

The complaint charges that O'Hagan violated Sections 10(b) and 14(e) of the Securities Exchange Act, codified at 15 U.S.C. §§ 78j(b) and 78n(e), and Securities and Exchange Commission Rule 10b–5 and Rule 14e–3, published at 17 C.F.R. §§ 240.10b–5 and 240.14e–3.

The SEC seeks equitable relief of a permanent injunction prohibiting defendant from violating certain provisions of the federal securities laws and an order of disgorgement, pursuant to Section 27 of the Securities Exchange Act, 15 U.S.C. § 78aa. The SEC also seeks civil penalties under the Insider Trading Sanctions Act of 1984, 15 U.S.C. § 78u–1.

Defendant moves for summary judgment on the grounds that the claims are barred by the statute of limitations announced in *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, —— U.S. ——, 111 S.Ct. 2773, 115 L.Ed.2d 321 (1991). This decision applies retroactively. *Boudreau v. Deloite Haskins & Sells*, 942 F.2d 497 (8th Cir. 1991).

Plaintiff contends that *Lampf* affects only private litigation, and that the claims for equitable relief brought by the SEC are not bound by any limitations period. The parties agree that recent legislation designed to limit *Lampf* applies only to private claims. Public Law 102–242, Section 476.

*Analysis*

The Supreme Court has observed:

The rule *quod nullum tempus occurrit regi*—that the sovereign is exempt from the consequences of its laches, and from the operation of statutes of limitations— appears to be a vestigial survival of the prerogative of the Crown.... [citations omitted] But whether or not that alone accounts for its origin, the source of its

continuing vitality where the royal privilege no longer exists is to be found in the public policy now underlying the rule even though it may in the beginning have had a different policy basis.... "The true reason ... is to be found in the great public policy of preserving the public rights, revenues, and property from injury and loss, by the negligence of public officers...." Story, J., in *United States v. Hoar*, Federal Cases No. 15,-373, p. 330. Regardless of the form of government and independently of the royal prerogative once thought sufficient to justify it, the rule is supportable now because its benefit and advantage extend to every citizen, including the defendant, whose plea of laches or limitation it precludes; and its uniform survival in the United States has been generally accounted for and justified on grounds of policy rather than upon any inherited notions of the personal privilege of the king.

*Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1937).

The Court of Appeals for the Eighth Circuit has applied this doctrine in more recent times. *United States v. Wurdemann*, 663 F.2d 50 (8th Cir.1981).

Many courts have held that there is no time limit on when the SEC may bring an action for injunctive relief, including disgorgement. *SEC v. Rind*, [1991 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 96,168, at 90,923, 1991 WL 283840 (C.D.Cal. July 29, 1991) *interlocutory appeal granted*, No. 91–55972 (9th Cir. Sept. 4, 1991); *SEC v. Willis*, 777 F.Supp. 1165 (S.D.N.Y.1991); *SEC v. Penn Central, Co.*, 425 F.Supp. 593 (E.D.Pa.1976). Some of these rulings have come down since the Supreme Court decided *Lampf.* Defendant has not cited a single case where a court found that laches barred a 10b–5 claim by the SEC for injunctive relief.

Both parties can find support from certain passages in *Lampf.* The seminal decision begins by defining the issue presented as involving private suits:

In this litigation we must determine which statute of limitations is applicable to a private suit brought pursuant to § 10(b) of the Securities Exchange Act of 1934 ... and to Securities and Exchange Commission Rule 10b–5 ... promulgated thereunder.

*Lampf*, 111 S.Ct. at 2776.

However, the opinion concludes with language that could include SEC enforcement actions:

Litigation instituted pursuant to section 10(b) and Rule 10b–5 must be commenced within one year after discovery of the facts constituting the violation and within three years after such violation.

*Lampf*, at 2782.

Defendant explains the opening language of the opinion by admitting that *Lampf* itself involved a private action; yet he maintains that the reasoning of the opinion shows that it applies to SEC actions as well. Plaintiff asserts that the rationale of *Lampf* demonstrates that its the conclusion can only apply to private actions.

*Lampf* notes that:

The text of § 10(b) does not provide for private claims. Such claims are of judicial creation, having been implied under the statute for nearly half a century.

*Lampf*, at 2779. Since Congress did not expressly create the private cause of action, it did not specify a limitations period. *Lampf* articulates a process for discerning the limitations period for an implied cause of action:

We conclude that where, as here, the claim asserted is one implied under a statute that also contains an express cause of action with its own time limitation, a court should look first to the statute of origin to ascertain the proper limitations period.... When the statute of origin contains comparable express remedial provisions, the inquiry usually should be at an end. Only where no analogous counterpart is available should a court then proceed to apply state-borrowing principles.

*Id.*, at 2780.

The Supreme Court then analyzed several of the express causes of action created by The Securities and Exchange Acts of

1933 and 1934, in which Congress provided limitations periods. Ultimately, the Supreme Court selected the period set forth in Section 9(e) of the 1934 Act, 15 U.S.C. § 78i(e) as the most appropriate for private suits under Section 10(b).

Clearly, the period set forth in *Lampf* pertains only to implied causes of action. Defendant characterizes the SEC's claims in this suit as implied, because Rule 10b–5 does not specifically prohibit insider trading.

This argument is fundamentally flawed. Section 10(b) simply states that it shall be unlawful for any person to use any means of interstate commerce to use a deceptive device in contravention of rules promulgated by the SEC. Rule 10b–5 is such a rule, which has been interpreted to prohibit insider trading. No statutory provision provides for a private cause of action to remedy losses investors incur as a result of the breach of this rule, although courts have implied such an action. However, the Securities and Exchange Acts expressly and unambiguously create a cause of action for the SEC to enforce the statute and the rules promulgated thereunder. 15 U.S.C. §§ 77t(b), 78u(d). An SEC enforcement action is thus express, not implied, regardless of whether judicial interpretation has broadened the rule which the SEC seeks to enforce.

Since *Lampf* involved only implied private causes of action, and Congress has expressly created an SEC enforcement action under Section 10(b), the limitations period set forth in *Lampf* does not govern this case.